**Opinion issued November 1, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00648-CR

———————————

## SHURN ROLLE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1285171**

---

## MEMORANDUM OPINION

Appellant, Shurn Rolle, pleaded guilty, without an agreed recommendation

from the State, to the offense of assault with a deadly weapon, and the trial court

assessed punishment of confinement for 20 years. Because appellant's notice of

appeal was untimely filed, we dismiss the appeal for want of jurisdiction.

A notice of appeal must be filed within 30 days after the day the sentence is imposed or suspended in open court, or 30 days after the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to 90 days after the day the sentence is imposed or suspended in open court if the appellant timely filed a motion for new trial. TEX. R. APP. P. 26.2(a)(2). To be considered timely, a motion for new trial must be filed within 30 days after the date the trial court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4.

The record before us reflects that appellant's sentence was imposed on October 7, 2011. Appellant did not file a motion for new trial. Hence, a notice of appeal was due on or before November 7, 2011. *See* TEX. R. APP. P. 26.2(a). Appellant filed her notice of appeal on July 6, 2012.

A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d at 210.

Because the notice of appeal in this case was untimely, we have no basis for jurisdiction over this appeal. *See* TEX. R. APP. P. 26.2(a). Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

3